IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANY LANZA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 5103 |
| | ) | |
| CITY OF CHICAGO; Chicago Police Officers ROBERT BARTIK; L. RIGGIO, Star No. 40170; M. GONZALEZ, Star No. 40253; J. ACOSTA, Star No. 40288; B. OKRASINSKI, Star No. 7247; F. HERRERA, Star No. 13273, F. SKOROEK, Star No. 21295; M. SOFERERNNOVIC, Star No. 20761; UNKNOWN CHICAGO POLICE OFFICERS; COOK COUNTY; and Cook County Assistant State's Attorney DANIEL FAERMARK, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | Wayne R. Andersen |
| Defendants. | ) | District Judge |

## MEMORANDUM OPINION AND ORDER

This case is before the court on the motion of defendants City of Chicago, Robert Bartik, L. Riggio, M. Gonzalez, J. Acosta, B. Okrasinski, F. Herrera, F. Skoroek, and M. Soferernnovic (collectively "the City defendants") to dismiss plaintiff's Fourth Amendment claim against all City defendants except the City of Chicago, as well as plaintiff's Fifth, Sixth, Eighth and Fourteenth Amendment claims and plaintiff's Intentional Infliction of Emotional Distress (IIED) claim insofar as it relates to events outside the scope of the malicious prosecution claim. For the reasons set forth below, the motion is denied in part and granted in part. We grant the City defendants' motion to dismiss the Fifth, Sixth, Eighth and Fourteenth Amendment claims, as well as plaintiff's Fourth Amendment claim against all of the individual City defendants.

However, we deny the City defendants' motion to dismiss the IIED claim insofar as it relates to events outside the scope of the malicious prosecution claim.

## BACKGROUND

On September 8, 2008, Plaintiff Dany Lanza ("Lanza") filed a seven-count complaint in this court. The original complaint named the City of Chicago, Officer Robert Bartik, Officer Riggio, Officer Acosta, Officer Okrasinski, Officer Herrera, Officer Skoroek, Officer Soferernnovic, several unknown police officers, and Cook County as defendants. On April 14, 2009, plaintiff filed an amended complaint, which added Cook County Assistant State's Attorney Faermark ("Faermark") as a defendant.

The claims in Lanza's complaint stem from his arrest and subsequent prosecution for the molestation of two minor girls. Lanza claims that on November 26, 2001, he was visiting his aunt at her apartment complex and a woman approached him claiming that he resembled a man who molested her daughter months prior. Cmplt. ¶ 5. The complaint asserts that because Lanza was a minor and did not speak English, his mother called the police to help clarify the situation. *Id.* at ¶ 4, 7–8. Officers Okrasinski and Herrera arrived at the apartment complex and allegedly arrested Lanza and brought him to the police station. *Id.* at ¶ 8.

The complaint asserts that Lanza was interrogated at length without receiving his *Miranda* warnings, was held for longer than forty-eight hours without receiving a probable cause hearing, and was not fed or given the opportunity to see a family member during the interrogation. *Id.* at ¶¶ 9, 10. Further, Lanza alleges that when he requested a polygraph examination, he was brought to a separate area and the interrogation resumed. *Id.* at ¶ 13. Lanza's mother obtained an attorney, Dawn Sheikh ("Sheikh"), to represent him, and the

complaint alleges that officers continued interrogating Lanza outside of Sheikh's presence, after making assurances that they would not do so. *Id.* at ¶¶ 22-25.

Lanza, a Spanish speaker, claims that eventually he was given a "form" written in English that, unbeknownst to him, was actually a fabricated confession. *Id.* at ¶¶ 28-29. Lanza alleges that he was told that he would be able to go home if he signed it. *Id.* The complaint asserts that after signing, Lanza was immediately transferred to Cook County Jail and charged with several counts of sexual assault and related offenses. *Id.* at ¶ 30. The allegedly fabricated confession was then used against Lanza in hearings during his criminal case. *Id.*

Furthermore, Lanza alleges that in 2003, Jose Rivas, the actual perpetrator, was arrested and confessed to being active in the area since 1999, but that Lanza's attorneys did not learn of Rivas's crimes until 2007. Pl.'s Resp. at 2–3. Rivas confessed to the offenses for which Lanza had been charged and the Cook County State's Attorney dropped the charges against Lanza in 2008. *Id.* By the time the charges where dropped Lanza had spent almost four years in jail. Cmplt. ¶ 1. Approximately five months after the charges were dropped, Lanza filed this suit. Pl.'s Resp. at 3.

Based upon the allegations set forth above, Lanza asserts several claims against the defendants. Lanza's first claim alleges that individual police officer and the City of Chicago violated his Fourth Amendment rights by detaining him for longer than forty-eight hours without a probable cause hearing. The second claim states that the individual police officers and the City of Chicago violated his Fifth Amendment right against self-incrimination by obtaining and using against him a fabricated confession. The third claim asserts that the individual officers and the City of Chicago violated Lanza's rights under the Sixth Amendment when they interfered with his right to counsel. Lanza's fourth claim alleges that the conditions of Lanza's detention before

3

his probable cause hearing violated the Eighth Amendment. The fifth claim asserts that the defendants violated Lanza's substantive due process rights under the Fourteenth Amendment. Finally, Lanza's sixth and seventh claims are state law claims for IIED and malicious prosecution respectively.

On February 13, 2009, the City defendants filed a motion to dismiss portions of Lanza's complaint. Lanza subsequently amended his complaint to include Faermark as a defendant, but made no substantive changes to the complaint. The City defendants then filed an amended motion to dismiss to clarify that their motion and the original briefs filed with regard to the motion applied to the amended complaint. We now turn to the City defendants' motion.

## **STANDARD OF REVIEW**

In order to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ___, 2009 U.S. LEXIS 34782, at *29, 2009 WL 1361536 (May 18, 2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 2009 U.S. LEXIS 34782, at *29 (citing *Twombly*, 550 U.S. at 556). The complaint must be construed in a light favorable to the plaintiff and the court must accept all material facts alleged in the complaint as true. *Jackson v. E.J. Branch Corp.*, 176 F.3d 971, 978 (7th Cir. 1999). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 2009 U.S. LEXIS 34782, at *29 (citing *Twombly*, 550 U.S. at 555).

Additionally, a complaint must describe the claim with sufficient detail as to "give the defendants fair notice of what the...claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint does not need to set forth all relevant facts or recite the law. Rather, all that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a); *see also Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir. 1996).

## DISCUSSION

### I. Fourth, Sixth, and Eighth Amendment

As a preliminary matter, the City defendants originally moved to dismiss Lanza's Fourth Amendment claim with respect to the individual City defendants as well as Lanza's Sixth and Eight Amendment claims. Lanza subsequently conceded those claims in his response. Pl.'s Resp. at 4,7. Accordingly, we grant the City defendants' motion to dismiss Lanza's Sixth and Eighth Amendment claims, as well as the Fourth Amendment claims against the individual City defendants.

### II. Fifth Amendment

Lanza alleges that his Fifth Amendment rights were violated by the defendants' procurement and use of his unwarned confession at pretrial hearings. Cmplt. ¶¶ 9, 28. The City defendants allege that Lanza's Fifth Amendment claim is barred by the two-year statute of limitations because the Supreme Court has held that a plaintiff's Section 1983 claim accrues at the moment the alleged constitutional violation occurs. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981)(the accrual date is "not the point at which

the *consequences* of the [violation] became painful)(emphasis added). Further, a state's statute of limitations governs the statute of limitations for a Section 1983 claim for personal injury torts. *Kalimara v. Ill. Dept. of Corr.*, 879 F.2d 276, 277 (7th Cir. 1989) (*citing Wilson v. Garcia*, 471 U.S. 261 (1985)). Therefore, Section 1983 claims in Illinois have a two-year statute of limitations. *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993) (*citing Farrell v. McDonough*, 966 F.2d 279 (7th Cir. 1992)).

Lanza argues that his Fifth Amendment claim is not barred by the two-year statute of limitations for two reasons: 1) the cause of action did not accrue until the charges were dropped in 2008, and 2) his claim falls within the "continuing violation" doctrine and therefore the cause of action did not accrue until the violation abated, i.e., when the charges were dropped.

With respect to the first argument, Lanza argues that without discovery, he could not know how the coerced confession would be used against him until the charges were dropped. However, Lanza learned of the coerced confession at his 2001 probable cause hearing and moved to have is suppressed at a hearing in 2002. Therefore, Lanza had a complete cause of action in either 2001 or 2002 and knew or reasonably should have known of the use of the confession against him at that time. *See Wallace*, 549 U.S. at 388 (a cause of action generally accrues when the plaintiff has "a complete and present cause of action" and when he "can file suit and obtain relief"); *see also Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993) (section 1983 claim accrues when the plaintiff "knows or reasonably should know" that his constitutional rights have been violated); *Hudson v. Cassidy*, No. 05 C 5623, 2006 U.S. Dist. LEXIS 88653, at *21, 2006 WL 3524420 (N.D. Ill. Dec. 5, 2006) (Schenkier, J.)(plaintiff was on notice of his coerced confession being used against him at a 2000 suppression hearing, making

his 2005 Fifth Amendment claim untimely). Accordingly, Lanza's Fifth Amendment claim does not defeat the statute of limitations on this ground.

Lanza's second argument claims that, even if he should have known that his constitutional rights were violated at the time of the hearings, his Fifth Amendment claim is not time-barred under the "continuing violation" doctrine. Lanza relies on *Heard v. Sheahan*, 253 F.3d 316 (7th Cir. 2001), and essentially argues that every day that the coerced confession was "used" to support the charges was a new injury and, therefore, it was unreasonable for him to bring suit until the charges were dropped. *Heard*, 253 F.3d at 319 (a prisoner's claim was allowed to "reach back" to conduct outside the limitations period to the beginning of a violation when it would be unreasonable to require or permit him to sue separately over every violation). However, *Heard* can be distinguished from Lanza's case for several reasons. First, *Heard* was a deliberate indifference claim under the Eighth Amendment and did not involve the Fifth Amendment. *Id.* Second, Heard's claim was based on repeated denial of medical attention while in prison, which is different from the discrete use of an alleged coerced confession at issue in Lanza's case. *See Savory v. Lyons*, 469 F.3d 667, 672–73 (7th Cir. 2006) (a violation's lingering effects do not transform it into a continuing violation). Third, courts have not extended the doctrine to include Fifth Amendment claims. Therefore, Lanza's Fifth Amendment claim does not survive the statute of limitations on this ground.

We find that Lanza's Fifth Amendment claim is time-barred by the applicable two-year statute of limitations. Accordingly, the City defendants' motion to dismiss the Fifth Amendment claim is granted.

## III. Fourteenth Amendment

Lanza also contends that the defendants' conduct in obtaining his signature on the confession violated his Fourteenth Amendment substantive due process rights. The City defendants move to dismiss this claim for three reasons: 1) a substantive due process claim was not raised in the complaint, therefore this issue was improperly pled; 2) the statute of limitations bars this claim for the same reasons that it bars the Fifth Amendment claim; and 3) Supreme Court precedent bars recasting a claim under substantive due process when there is another explicit constitutional provision that affords protection. *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (plurality opinion). We find this last argument persuasive.

In *Albright*, the Supreme Court held that "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of governmental behavior, 'that Amendment, not the more generalized notion of 'substantive due process' ***must*** be the guide for analyzing these claims." *Albright*, 510 U.S. at 273 (*quoting Graham v. Connor*, 490 U.S. 386, 395 (1989) (emphasis added); *see also McCann v. Mangialardi*, 337 F.3d 782, 787 (7th Cir. 2003) (holding that a plaintiff could not recast his Fourth Amendment false arrest claim as a substantive due process violation). Here Lanza is essentially repackaging his Fifth Amendment claim as a substantive due process violation.

Additionally, Lanza has several other channels through which to pursue a claim for his improper confession and detention, as set forth in his complaint. Specifically, the Fourth Amendment protects Lanza's from police abuse prior to his probable cause hearing, *Wallace*, 549 U.S. at 391, while the Fifth Amendment provides an avenue for Lanza to pursue a violation of his rights based upon his allegedly coerced confession. *Sornberger v. City of Knoxville*, 434 F.3d 1006, 1027 (7th Cir. 2006). *Albright* does not carve out an exception for substantive due

8

process claims when mechanisms such as the statute of limitations preclude a proper avenue of redress. Further, the availability of state law claims, such as tort claims for malicious prosecution and intentional infliction of emotional distress, satisfy due process. *See Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001).

### IV.   Intentional Infliction of Emotional Distress

Plaintiff's final contested claim is a state law claim for IIED. Defendants concede that this claim is timely because the cause of action did not accrue until the charges were dropped in 2008. *See Feltmeier v. Feltmeier,* 798 N.E.2d 75, 89 (Ill. 2003) (IIED is a continuing tort in Illinois that "accrues, and the statute of limitations begins to run, at the time the last injurious act occurs or the conduct is abated"); *Bergstrom v. McSweeney*, 294 F. Supp. 2d 961, 969 (N.D. Ill. 2003)(Castillo, J.)(when a plaintiff's "[IIED] claim incorporates the conduct underlying the malicious prosecution claim," as Lanza's claim does, "the cause of action did not accrue until the state criminal proceedings against him were terminated.").

Defendants move to limit the scope of IIED claim to the same events that gave rise to the malicious prosecution claim. However, we decline to do so. Lanza has sufficiently stated a caused of action for IIED and we see no reason to exclude the conduct that falls outside the scope of the malicious prosecution claim from Lanza's IIED claim at this time. Accordingly, we deny the City defendants' motion to dismiss the plaintiff's IIED claim insofar as it is based on events outside the scope of the malicious prosecution claim.

### **CONCLUSION**

For the foregoing reasons, we grant the City defendants' motion [25, 38] to dismiss Lanza's Fourth Amendment claim against the individual City defendants, as well as Lanza's

Fifth, Sixth, Eighth, and Fourteenth Amendment claims. However, we deny the motion to dismiss Lanza's IIED claim insofar as it relates to events outside the scope of the malicious prosecution claim. Lanza is to file an amended complaint that complies with this order by July 2, 2009. The amended complaint shall clearly set forth delineated counts so as to clarify Lanza's allegations in accordance with this order.

It is so ordered.

_____
/Wayne R. Andersen
United States District Judge

Dated: June 2, 2009