# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 5103 | **DATE** | 11/8/2010 |
| **CASE TITLE** | Lanza vs. City of Chicago | | |

**DOCKET ENTRY TEXT**

Status hearing held. Status hearing continued to 1/12/11 at 9:00 a.m. It is ordered that Daniel Faermark is to be restored as a defendant in this action. The reinstatement of Daniel Faermark also carries with it the restoration of Cook County (which is sued on grounds of indemnification and respondeat superior) as a defendant as well.

■[ For further details see text below.]                            Docketing to mail notices.

00:15

## STATEMENT

Lanza v. City of Chicago, et al., 08 C 5103

     This Court has recently been assigned, following the departure of its former colleague Honorable Wayne Andersen, a number of Judge Andersen's cases (including this one). This Court has reviewed the dockets and chambers files of each of the reassigned cases as part of its familiarization process to enable it to go forward with the cases.

     In this instance this Court noted from the docket, and it then reviewed, Judge Andersen's October 1, 2009 memorandum opinion and order ("Opinion," Dkt. 68) that had dismissed Assistant State's Attorney Daniel Faermark ("Faermark") and Cook County as defendants. Because the doctrine of law of the case does not apply from District Judge to District Judge following such a reassignment, this Court took a fresh look at the issues based on its long-standing familiarity with Buckley v. Fitzsimmons, 509 U.S. 259 (1993) and the distinction made by that case between prosecutorial absolute immunity and qualified immunity--a distinction most recently reconfirmed in the unanimous opinion in Van de Kamp v. Goldstein, 129 S.Ct. 855 (2009)--and it has respectfully come to a conclusion different from that reached by Judge Andersen. In that same regard, although Buckley was clearly applying the common law standards for such immunity, so that its doctrine applies to Illinois law as well, White v. City of Chicago, 369 Ill.App.3d 765, 861 N.E.2d 1083 (1st Dist. 2006) has expressly followed the identical line of analysis as a matter of Illinois law.

     Accordingly this Court reverses the ruling reached in the Opinion, so that Faermark is ordered to be restored as a defendant in this action. As for Cook County, Judge Andersen had found it unnecessary to address the merits of its motion for its own dismissal, but the reinstatement of Faermark also carries with it the restoration of Cook County (which is sued on grounds of indemnification and respondeat superior) as a defendant as well.