IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DANY LANZA,                        )
                                   )
            Plaintiff,             )
                                   )
    v.                             )    No. 08 C 5103
                                   )
CITY OF CHICAGO, et al.,           )
                                   )
            Defendants.            )

MEMORANDUM OPINION AND ORDER

When this action was reassigned to this Court's calendar on the departure of its former colleague Honorable Wayne Andersen from this District Court, it conducted a review of the case (as it did with each of the cases inherited from Judge Andersen's calendar) to bring itself up to speed. In the course of that review it found itself in disagreement with Judge Andersen's resolution of a motion that had resulted in the dismissal of Assistant State's Attorney Daniel Faermark ("Faermark") and Cook County as defendants. As this Court stated in its November 8, 2010 minute order:

> Because the doctrine of law of the case does not apply from District Judge to District Judge following such a reassignment, this Court took a fresh look at the issues based on its long-standing familiarity with Buckley v. Fitzsimmons, 509 U.S. 259 (1993) and the distinction made by that case between prosecutorial absolute immunity and qualified immunity--a distinction most recently reconfirmed in the unanimous opinion in Van de Kamp v. Goldstein, 129 S.Ct. 855 (2009)--and it has respectfully come to a conclusion different from that reached by Judge Andersen. In that same regard, although Buckley was clearly applying the common law standards for such immunity, so that its doctrine applies to Illinois law as well, White v. City of

Chicago, 369 Ill.App.3d 765, 861 N.E.2d 1083 (1st Dist. 2006) has expressly followed the identical line of analysis as a matter of Illinois law.

Now Faermark has moved that the action be stayed during the pendency of the appeal that he has taken from his reinstatement as a defendant. But that appeal, in which Faermark asserts absolute immunity from having to accept responsibility for (or even having to defend against being charged with) the actions which he is charged to have taken here, is in this Court's view so frivolous that it so certifies, as is permitted by Apostol v. Gallion, 870 F.2d 1335, 1339 (7th Cir. 1989),[1] to enable the proceedings in this action to continue during the pendency of the appeal. Indeed, under the facts that are asserted against Faermark, he cannot in objective good faith claim qualified immunity either.

In brief, Faermark is charged with having engaged in the type of conduct that led Buckley v. Fitzsimmons, 509 U.S. 259, 275 (1993) to reject absolute immunity for a prosecutor who goes far afield of legitimate prosecutorial activity (id. at 273):

---

[1] Nor is Apostol an outlier in allowing such certification--Behrens v. Pelletier, 516 U.S. 299, 310-11 (1996) cited that case and decisions from several other circuits in stating:

> This practice, which has been embraced by several Circuits, enables the district court to retain jurisdiction during summary disposition of the appeal, and thereby minimizes disruption of the ongoing proceedings.

> When a prosecutor performs the investigative functions
> normally performed by a detective or police officer, it
> is "neither appropriate nor justifiable that, for the
> same act, immunity should protect the one and not the
> other."

In this instance Faermark is claimed to have coerced a youthful criminal suspect to confess before probable cause attached--indeed, to have assisted actively and directly in obtaining a false confession that led to the conviction of a youngster who, after the passage of some years in prison, was confirmed to have been totally innocent of the charged crimes.

What is beyond question is that the resolution of the merits is going to require a resolution of disputed questions of fact as to Faermark's role in eliciting the fabricated confession. And that being so, the less-than-month-old opinion in <u>Hill v. Coppleson</u>, No. 09-1878, 2010 WL 4702454 (7th Cir. Nov. 22) squarely teaches that Faermark's interlocutory appeal ought to be dismissed for lack of jurisdiction.

In summary, this Court reiterates that Faermark's appeal must be and is certified as frivolous. Hence his motion to stay the proceedings is denied.

_____
Milton I. Shadur
Senior United States District Judge

Date:  December 20, 2010